**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Judy Childs, | No. CV-24-02738-PHX-MTL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Judy Childs's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial. (Doc. 1.) After reviewing the briefs (Docs. 21, 25, 28) and the Administrative Record (Doc. 13, "AR"), the Court finds that it is appropriate to remand the case for further proceedings.

**I.      BACKGROUND**

Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income on February 27, 2014, alleging disability beginning November 1, 2013. (AR 679-86.) After hearings in 2017 and 2018, an ALJ denied the claims on September 25, 2018. (AR 253-72.) While Appeals Council review was pending, Plaintiff filed a subsequent Title XVI application and was found disabled as of September 26, 2018. (AR 667.) On May 22, 2020, the Appeals Council vacated the 2018 denial and remanded the 2014 claims for further proceedings. (AR 285-86.) Following additional hearings, the Appeals Council ultimately issued a partially favorable decision finding

Plaintiff disabled as of September 26, 2018, but not before. (AR 9-15.) Plaintiff now seeks judicial review under 42 U.S.C. § 405(g) of the determination that she was not disabled prior to September 26, 2018.

## II.     LEGAL STANDARD

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is unsupported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. *See* 20 C.F.R. §§ 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant is not working in a substantially gainful activity, then the claimant's case proceeds to step two. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant's impairment is severe,

1  then the inquiry proceeds to step three. *See id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, then the ALJ assesses the claimant's RFC to determine whether the claimant is still capable of performing past relevant work before moving to step four. *Id.* § 416.920(a)(4)(iv), (e)-(f). At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of past relevant work. *Id.* If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v), (g). If so, the claimant is not disabled; if not, the claimant is disabled. *Id.*

### III.   DISCUSSION

The parties agree that remand is warranted. (Docs. 21 at 32; 25 at 4.) The only dispute concerns the appropriate remedy. Plaintiff seeks remand for an immediate award of benefits, while the Commissioner contends that remand should be for further administrative proceedings. (*Id.*)

Plaintiff argues that the principal error occurred at step three of the sequential evaluation process. (Doc. 21 at 14-17.) Plaintiff contends that the ALJ and Appeals Council improperly rejected the testimony of the agency's medical expert, Dr. Genest, who opined that Plaintiff's impairments met or equaled Listings 11.09 and 11.14 during the relevant period. (*Id.* at 17-20, 23-27.) Plaintiff further argues that the ALJ failed to provide legally sufficient reasons for discounting other medical opinions and Plaintiff's symptom testimony. (*Id.* at 28-31.) According to Plaintiff, if this evidence is credited as true, disability is established, and no outstanding factual issues remain. (*Id.* at 32.)

The Commissioner agrees that the decision contains legal error because "substantial evidence does not support the ALJ's finding that she could perform work that existed in significant numbers in the national economy." (Doc. 25 at 3-4.) That language corresponds

to step five of the sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4)(v). The Commissioner nonetheless argues that conflicts in the medical evidence and treatment notes preclude an immediate award of benefits and require further administrative proceedings. (Doc. 25 at 4-9.)

Regardless of the precise step at which the error occurred, the parties agree that the decision is not supported by substantial evidence and that remand is required. The only issue before the Court is whether the case should be remanded for further proceedings or an award of benefit.

Under Ninth Circuit precedent, the "ordinary remand rule" generally requires remand for further proceedings when the ALJ commits harmful legal error, because "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Although 42 U.S.C. § 405(g) gives courts discretion to remand for an award of benefits, that authority is reserved for "rare circumstances." *See id.* at 1103.

The Ninth Circuit's credit-as-true framework identifies when such a departure from the ordinary remand rule may be appropriate. A court may remand for an award of benefits only if:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Even when the three credit-as-true elements are arguably met, the Court retains discretion to remand for further proceedings, particularly where the record as a whole creates serious doubt as to whether the claimant is disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Here, even assuming the first element of the credit-as-true rule is satisfied, the second element is not. The record contains unresolved conflicts regarding Plaintiff's

functional limitations during the relevant period. The Commissioner identifies inconsistencies within treating source notes, findings that were normal or unremarkable, and medical opinions supporting an ability to perform light work. (*See* Doc. 25 at 6-8 (citing, *e.g.,* AR 1147-48; 2131-32; 2824-25; 3477; 1526; 195-97; 230-32).) These conflicts bear on whether Plaintiff met or equaled a listing at step three or was capable of other work at step five. Reconciling those competing interpretations of the medical record requires fact-finding that this Court may not undertake. *See Treichler*, 775 F.3d at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").

Plaintiff urges the Court to credit Dr. Genest's testimony and other medical opinions as true. (Doc. 21 at 17-27.) But the Court may not proceed to credit evidence unless it first determines that there are no outstanding factual issues. *See Gardner v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01477-PHX-JAT, 2022 WL 227096, at *6 (D. Ariz. Jan. 26, 2022) (remanding for further proceedings because "outstanding inconsistencies" prevented the Court from crediting certain medical opinions as true). For the same reason, the Court declines to credit Plaintiff's symptom testimony as true for purposes of directing an award of benefits. (*See* Doc. 21 at 28-31.) Although Plaintiff argues that the ALJ failed to provide legally sufficient reasons for discounting her testimony, unresolved conflicts in the medical evidence preclude a finding that no outstanding issues remain. *See id.*

Moreover, even assuming certain opinions or symptom testimony were improperly discounted, the record does not eliminate serious doubt as to whether Plaintiff was disabled prior to September 26, 2018. *See Garrison*, 759 F.3d at 1021 (holding that courts can "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"). The Court may not award benefits unless the claimant "is, in fact, disabled." *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). On this record, that determination requires further administrative evaluation.

. . . .

IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that the Commissioner's decision for the period of disability at issue is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this Order.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 19th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge